# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PEREZ GASTELUM, | CASE NO. 1:10-CR-00391-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 14) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Hector Perez-Gastelum ("Mr. Perez-Gastelum") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. He raises one claim for ineffective assistance of counsel as well as a claim of court error in sentencing. For the reasons discussed below, this Court DISMISSES Mr. Perez-Gastelum's motion as untimely.

## II. BACKGROUND

On September 23, 2010, Mr. Perez-Gastelum was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. §1326. (Doc. 1). The indictment alleged that on or about December 3, 2002, Mr. Perez-Gastelum was excluded, deported, or removed from the United States after having been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, he was convicted of possession of cocaine for sale in violation of California Health and Safety Code § 11351, and thereby sentenced to a term of imprisonment for two years. The indictment

1

further alleged that on or about May 8, 2008, Mr. Perez-Gastelum was found within the Eastern District of California without the permission of the United States Attorney General or the Secretary of the Department of Homeland Security.

On December 7, 2011, Mr. Perez-Gastelum entered into a plea agreement with the government in which he promised to plead guilty to the indictment. (Doc. 11). He also agreed to waive his right to appeal his conviction and sentence via a motion under 28 U.S.C. § 2255 or § 2241. (Doc. 11, p. 3). In exchange, the government agreed to recommend a seven-level reduction in offense level, and that Mr. Perez-Gastelum be sentenced at the low end of the appropriate U.S. Sentencing Guidelines range. (Doc 11, p. 6-7).

On December 12, 2011, a joint plea and sentencing hearing were held during which Mr. Perez-Gastelum pled guilty pursuant to the plea agreement and was sentenced to 46-months imprisonment. During the plea portion of the hearing, Mr. Perez-Gastelum confirmed that he understood that he was waiving his right to appeal. At the conclusion of the hearing, the Court again acknowledged that Mr. Perez-Gastelum had waived his appeal rights. The judgment was entered on December 21, 2011. (Doc. 13).

On May 17, 2013, the court received the instant § 2255 motion. (Doc. 14). Mr. Perez-Gastelum raises one claim for ineffective assistance of counsel. He alleges that counsel failed to object to the 16-level enhancement that he received pursuant to U.S.S.G § 2L1.2(b)(1)(A)(i)[1]. (Doc. 14, p. 4). Mr. Perez-Gastelum also raises a claim for court error. He alleges that the requisite facts necessary for an enhancement under § 2L1.2(b)(1)(A), i.e. his prior conviction and its relationship to his prior removal or deportation, were never proven nor admitted to. (Doc. 14, p. 5).

### III. DISCUSSION

**A. Waiver**

---

[1] Mr. Perez-Gastelum actually contends that he received ineffective assistance of counsel when counsel failed to object to the 16-level enhancement he received, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Court actually imposed the 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(i). Thus, the Court will analyze the issue under the actual subsection applied.

Mr. Perez-Gastelum's claim for court error involving the enhancement of his sentence under § 2L1.2(b)(1)(A)(i), is barred by the § 2255 waiver in his plea agreement. Mr. Perez-Gastelum waived his right to contest his sentence under § 2255 in any post conviction proceeding. (Doc. 11, p. 3).

A waiver of the right to appeal or contest sentencing is generally enforceable so long as "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). To determine if the waiver is made knowingly and voluntarily, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement." *United States v Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

The language of Mr. Perez-Gastelum's signed plea agreement provides, "the defendant knowingly and voluntarily waives his Constitutional, statutory, and legal rights to appeal his plea, conviction and sentence…the defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." (Doc. 11, p. 3). It further states that his "plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty." (Doc. 11, p. 3). Later in the agreement Mr. Perez-Gastelum again agreed that the plea was "freely and voluntarily made." (Doc. 11, p. 11). The express language here indicates Mr. Perez-Gastelum's voluntary waiver of his right to file a § 2255 motion attacking his sentencing.

Further, during the plea hearing, Mr. Perez-Gastelum confirmed that he read the entire plea agreement with the help of counsel, counsel answered his questions, and that he understood what was said about the document. Mr. Perez-Gastelum also stated that he understood that he was giving up his right to appeal. Finally, during the plea hearing, Mr. Perez-Gastelum was asked if he had any questions about anything, and he responded in the negative. This indicates that Mr. Perez-Gastelum's waiver was not only given voluntarily, but also knowingly.

Therefore, the language of the plea agreement as well as the transcript of the plea hearing show that Mr. Perez-Gastelum knowingly and voluntarily waived his right to contest his sentence in a § 2255 motion. Since the language of the waiver explicitly forbade filing a § 2255 motion, and that

waiver was given knowingly and voluntarily by Mr. Perez-Gastelum, his contention for court error is barred by that waiver.

**B. Timeliness**

Even if Mr. Perez-Gastelum's claim of court error was not barred by the § 2255 waiver, his entire motion is untimely. Under AEDPA[2], federal and state prisoners have one-year to file a motion collaterally attacking their sentences. 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Perez-Gastelum filed his § 2255 motion after the expiration of AEDPA's one year statute of limitations. The judgment was entered on December 21, 2011, and became final 14 days later on January 4, 2012. (Doc. 13). Mr. Perez-Gastelum filed his motion approximately four months after the one year limit expired.

In an attempt to utilize § 2255(f)(3), he contends that his motion is not barred by the statute of limitations because he recently discovered that his rights were violated in light of the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). Mr. Perez-Gastelum's reliance on this decision is misplaced. In *Moncrieffe*, the Supreme Court was faced with the issue of whether a noncitizen's state conviction for possession of marijuana with intent to distribute qualified as an aggravated felony under the Immigration and Nationality Act ("INA"). *Moncrieffe*, 133 S. Ct. at 1684. After examining the state statute under the categorical approach, the Supreme Court determined that it did not qualify as an aggravated felony under the INA. *Id*. at 1687. The Supreme Court reasoned that in order "to satisfy the categorical approach [in this context], a state drug offense must...

---

[2] "AEDPA" is the Antiterrorism and Effective Death Penalty Act of 1996.

4

'necessarily' proscribe conduct that is an offense under the CSA[3], and the CSA must 'necessarily' prescribe felony punishment for that conduct." *Id*. at 1685. The CSA contains two mutually exclusive categories of punishment for CSA marijuana offenses: one a felony, and one not. *Id*. at 1686. Similarly, the state statute at issue punished both felony and misdemeanor marijuana offenses. *Id*. at 1686-87. Thus, the Supreme Court determined that the state statute did not qualify as an aggravated felony under the categorical approach because the CSA did not necessarily prescribe felony punishment for the conduct prohibited in the statute. *Id*. at 1687.

This case does not implicate an "aggravated felony" under the INA. Rather, it involves a "drug trafficking offense" under the Sentencing Guidelines. Like the INA, courts apply the categorical approach in determining whether a prior state crime qualifies as a "drug trafficking offense" under the Guidelines. *See United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012). However, because the two terms are defined differently, the felony punishment issue analyzed in *Moncrieffe* is not implicated here. Under the Guidelines a "drug trafficking offense" means "an offense under federal, state, or local law that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute, or dispense." U.S.S.G. § 2L1.2, comment. (n. 1(B)(iv)). The type of punishment imposed is not implicated. Accordingly, when using the categorical approach to determine whether a defendant's prior conviction qualifies as a "drug trafficking offense" the type of punishment previously imposed is not an issue.

In applying the enhancement itself, courts must ensure that the defendant was previously deported or unlawfully remained in the United States after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § L1.2(b)(1)(A)(i). However, the sentence imposed would not be part of the categorical analysis. *See Leal-Vega*, 680 F.3d at 1164 (under the categorical approach courts "do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense."). In addition, the term of Mr. Perez-Gastelum's punishment is not at issue because he

---

[3] The "CSA" is the Controlled Substances Act.

5

admitted at the plea hearing and in his plea agreement that he was sentenced to two years imprisonment on his prior drug conviction.

Thus, Mr. Perez-Gastelum's attempt to use the holding in *Moncrieffe* to circumvent AEDPA's one year statute of limitations fails, making the instant motion untimely.

**C. Equitable Tolling**

Mr. Perez-Gastelum also contends that his motion is not barred by the statute of limitations because he recently discovered that his constitutional rights were violated "after serious research and studying in the law and English." (Doc. 14. p. 12). The Court construes this argument as an attempt to toll the statute of limitations.

"A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. The movant must show that the extraordinary circumstances were the cause of his untimeliness." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger equitable tolling under . . . AEDPA is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

Mr. Perez-Gastelum fails to show that he is entitled to equitable tolling. A pro se petitioner's ignorance of the law or lack of legal sophistication does not satisfy the extraordinary circumstance standard. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (the extraordinary circumstance standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). In addition, Mr. Perez-Gastelum's claim that he was unaware that his constitutional rights were violated due to his limited grasp of the English language is not enough to show that he is entitled to equitable tolling. This is because he has failed to demonstrate "that during the running of the AEDPA time limitation, he was unable, despite diligent efforts to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. Accordingly, Mr. Perez-Gastelum is not entitled to equitable tolling.

**D. Certificate of Appealability**

28 U.S.C. §2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

## IV. CONCLUSION & ORDER

For the reasons discussed above, this court:

1. DISMISSES Mr. Perez-Gastelum's § 2255 motion and
2. DENIES Mr. Perez-Gastelum's COA.
3. The clerk is directed to close case no. 1:13-CV-00744-LJO

IT IS SO ORDERED.

Dated: **June 20, 2013**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE